**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BETTY J. NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 2744 |
| v. ) | |
| ) | Judge Guzmán |
| RESURRECTION HEALTH CARE, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Betty Neal has sued Resurrection Health Care for its alleged violations of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The case is before the Court on defendant's Federal

Rule of Civil Procedure 56(c) motion for summary judgment. For the reasons set forth below, the

motion is granted in part and denied in part.

### Facts[1]

Betty Neal, an African American, was an outpatient registrar at St. Elizabeth's Hospital, which

is owned by defendant, from July 1972 until her termination in March 2002. (Def.'s LR 56.1(a)(3)

Stmt. ¶¶ 3-4; Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 54-55.) From approximately 1994 through 2002, all of

the registrars except Neal were Hispanic. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 57.)

On three separate occasions between October 2001 and January 2002, plaintiff was disciplined

for treating patients, colleagues or supervisors in an offensive or insubordinate manner. (Def.'s LR

56.1(a)(3) Stmt. ¶¶ 20, 26-29, 31-35.) On March 13, 2002, plaintiff was again charged with

unacceptable conduct and was terminated. (*Id.* ¶¶ 36-44.)

---

[1]The following facts are undisputed.

Plaintiff denies that she acted inappropriately at any time and contends that defendant terminated her employment because she is not Hispanic and in retaliation for her complaints about defendant's alleged bias in favor of her Hispanic co-workers.

## Discussion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

## Discrimination

In Count I of her amended complaint, plaintiff alleges that defendant terminated her employment because of her race or national origin. To make a *prima facie* case of discrimination,[2] plaintiff must present some evidence that: (1) she is a member of a protected class; (2) she was meeting defendant's legitimate expectations; (3) she suffered an adverse employment action; and (4) defendant treated similarly situated employees outside the protected class more favorably. *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1035 (7th Cir. 1999). There is no dispute that plaintiff meets the first and third elements. Defendant contends, however, that proof of the second element is lacking.

---

[2]Plaintiff has no direct evidence of discrimination.

2

The Court disagrees. Plaintiff disputes virtually all of the facts concerning the incidents that defendant says prompted her termination. (*Compare* Def.'s LR 56.1(a)(3) Stmt. ¶¶ 19, 23-27, 31-32, 34, 36-40, *with* Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 19, 23-27, 31-32, 36-40.) As the non-movant, plaintiff is entitled to have all factual disputes resolved in her favor. *Michas*, 209 F.3d at 692. Thus, we must assume that the events occurred as plaintiff describes them; that is, that plaintiff did not engage in any misconduct. That assumption means plaintiff satisfies the second element of the *prima facie* case.

Plaintiff also satisfies the last element: that defendant treated similarly situated employees outside of the protected class more favorably than plaintiff. If we assume that plaintiff did not behave improperly, then the class of employees who are situated similarly to her are all non-Black registrars who were not falsely accused of misconduct and terminated. *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000) (stating that employees are similarly situated if they "deal[ ] with the same supervisor [and are] subject to the same standards"). Plaintiff identifies a number of Hispanic registrars who actually engaged in misconduct, rather than being falsely accused of having done so, and yet were not terminated. (*See* Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 99, 101-04.) Thus, plaintiff has made a *prima facie* case of discrimination.

The burden now shifts to defendant to articulate a legitimate, non-discriminatory reason for her discharge. *Von Zuckerstein v. Argonne Nat'l Lab.*, 984 F.2d 1467, 1472 (7th Cir. 1993). The reason defendant offers is plaintiff's alleged misconduct. As noted above, however, the record compels us to assume that no misconduct actually occurred. Thus, defendant has failed to shoulder its burden of articulating a legitimate reason for plaintiff's termination. Its motion for summary judgment on plaintiff's discrimination claims is, therefore, denied.

**Retaliation**

In Count II of the amended complaint, plaintiff asserts a Title VII retaliation claim. As an initial matter, plaintiff's failure to raise or even allude to this claim in her EEOC charge bars her from raising it here. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) ("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge.").

Moreover, even she had raised the claim in her charge, plaintiff could defeat defendant's motion only if she had some evidence that: (1) she engaged in a protected activity under Title VII; (2) after doing so, only she, and not any similarly situated employee who did not file a charge, suffered an adverse employment action; and (3) she was meeting defendant's legitimate expectations. *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). Plaintiff cannot vault the first hurdle.

The protected activity plaintiff identifies are her "complaints" of discrimination. Plaintiff admits that she did not file a formal complaint of discrimination. (*See* Pl.'s LR 56.1(b)(3)(a) Stmt. ¶ 50.) But she says she did so informally, by telling a human resources representative that her co-workers were speaking Spanish on the job, that they "could talk to [plaintiff] in any sort of way and . . . not be disciplined" and that the incidents for which she was disciplined were "always being looked at in a one-sided way." (*See* Pl.'s Decl. ¶¶ 25, 49.) Though plaintiff never explicitly mentioned discrimination, she contends that defendant must have understood that to be the basis for her complaints, given the fact that all of her co-workers were Hispanic.

The Court disagrees. Plaintiff's complaints reasonably support the inference that defendant knew plaintiff felt she was being treated unfairly. But it is not reasonable to infer that defendant concluded, from the bare fact that plaintiff's ethnicity is different than her co-workers', that her complaints about discipline were actually complaints of discrimination. Because plaintiff has not

4

presented any facts from which we can reasonably infer that defendant knew she had complained of discrimination, she could not make a *prima facie* case of retaliation, even if she had raised the claim in her EEOC charge.

## Conclusion

For the reasons set forth above, defendant's motion for summary judgment [doc. no. 35] is granted as to plaintiff's retaliation claim and denied as to her discrimination claims.

**SO ORDERED.**                                     **ENTERED:**   MAR 2 8 2005

*Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**United States District Judge**